UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HireQuest Direct,<br><br>    Plaintiff,<br><br>v.<br><br>Jet Structures, LLC,<br><br>    Defendant. | Case No. 20-cv-1666 (SRN/DTS)<br><br>**REPORT AND RECOMMENDATION** |

    Plaintiff HireQuest Direct filed this lawsuit on July 30, 2020 seeking to collect $25,000 allegedly owed by Defendant Jet Structures, LLC for demolition clean-up services. Complaint, Docket No. 1. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." An initial review of the complaint here indicates that the Court lacks jurisdiction.

    Federal district courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 551 (2005). To hear a case, the Court must have subject matter jurisdiction, either diversity of citizenship (28 U.S.C. § 1332) or federal question (28 U.S.C. § 1331).

    Federal question jurisdiction under § 1331 exists when the case or controversy arises under the "Constitution, laws, or treaties of the United States." HireQuest Direct's complaint fails to allege a federal question. There is no general federal cause of action to collect money owed for services performed, and

1

HireQuest Direct has not alleged any facts to assert a violation of any federal statute. Thus, on the face of the complaint there is no basis for this Court to exercise federal question jurisdiction.

Diversity jurisdiction under § 1332 exists when there is diversity of citizenship and the amount in controversy exceeds $75,000. Each plaintiff must have a different citizenship than each defendant; diversity jurisdiction does not exist when any plaintiff is a citizen of the same state as any defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). The presence of a nondiverse party automatically destroys subject matter jurisdiction when jurisdiction is based solely on diversity. *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998). An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). A member of an LLC may itself have multiple members, and thus may itself have multiple citizenships, so the citizenship of each sub-member must also be considered. *American Seeds, LLC v. Dalchow*, Case No. 12-cv-2951, 2012 WL 5931721, at *1 (D. Minn. Nov. 27, 2012). Neither the state in which an LLC is organized nor the state in which it has its principal place of business is considered for citizenship purposes. Finally, § 1332 also requires that the amount in controversy exceed $75,000.

HireQuest Direct's complaint also does not allege a basis for diversity jurisdiction. It does not allege any information about the citizenship of the parties. In addition, it explicitly alleges $25,000 as the amount in controversy, which falls

below the amount required for diversity jurisdiction. Therefore, on the face of the complaint there is no basis for this Court to exercise diversity jurisdiction.[1]

Because the Court lacks jurisdiction to hear this matter, it recommends that the complaint be dismissed.

NOW, THEREFORE, it is RECOMMENDED that this case be DISMISSED without prejudice for lack of jurisdiction.

Dated: August 3, 2020                         s/ David T. Schultz
                                              DAVID T. SCHULTZ
                                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[1] The Court also notes that, although a representative of HireQuest Direct mailed the complaint to this Court [Envelope, Docket No. 1-2] and paid the federal filing fee, the case caption says State of Minnesota-Ramsey County [Docket No. 1], as does the attached state civil cover sheet [Docket No. 1-1].